

Opinions of the United
States Court of Appeals
for the Third Circuit

11-24-2003

# Jackson Hewitt Inc v. Madan

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3635

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Jackson Hewitt Inc v. Madan" (2003). *2003 Decisions.* Paper 97.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/97

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos.  02-3635 & 02-3804

JACKSON HEWITT INC.,
a Virginia Corporation

v.

GOBIND L. MADAN,
an individual,
Appellant in 02-3635

JACKSON HEWITT INC,
a Virginia Corporation
Appellant in 02-3804

v.

GOBIND L. MADAN,
an individual

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 01-cv-02981)
District Judge:  Honorable William H. Walls

Argued October 2, 2003

Before:  RENDELL, WEIS and GARTH, <u>Circuit</u> <u>Judges</u>.

(Filed November 24, 2003)

Jeffrey A. Zucker
Daniel L. Fiore      [ARGUED]
FISHER & ZUCKER
121 South Avenue of the Arts
Suite 1200
Philadelphia, PA  19107
  *Counsel for Appellant/Cross Appellee*
  *Gobind L. Madan*

Dennis R. LaFiura     [ARGUED]
PITNEY, HARDIN, KIPP & SZUCH
P.O. Box 1945
Morristown, NJ  07962
  *Counsel for Appellee/Cross Appellant*
  *Jackson Hewitt Inc.*

OPINION OF THE COURT

RENDELL, Circuit Judge.

Jackson Hewitt, Inc. ("JHI") is a tax preparation business that provides software, electronic filing, bank products, equipment, advertising, and promotion services to its franchisees, who in turn provide tax services to individuals under the JHI trade name. JHI will not grant franchises to individuals who operate other businesses that offer the same types of services as are provided by JHI franchises, and its franchise agreements customarily contain prohibitions in this regard.

Between September 1997 and January 1999, JHI entered into 16 franchise agreements with Gobind L. Madan ("Madan"), allowing Madan to operate 15 JHI franchises in Georgia and one in Alabama.  In September 2000, JHI and Madan entered

2

into franchise agreements renewing Madan's 16 existing franchises and adding two new franchises in Georgia. Each of these agreements included: (a) a specific representation by Madan that he did not have an interest in any "Competing Tax Business"[1] at the time he entered into the agreement; (b) a covenant barring Madan from having any direct or indirect interest in any Competing Tax Business during the term of the agreement ("the In-Term Covenant"); (b) a covenant barring Madan from preparing individual tax returns and from developing any interest in any Competing Tax Business within 10 miles of his franchise territory for a period of 24 months after termination of the agreement ("the Post-Term Covenant"); (c) a provision stating that JHI could terminate the agreement if Madan made any "material misrepresentation on ... any written report" or violated the In-Term Covenant; and (d) an express choice-of-law provision, stating that New Jersey law would apply in any action arising out of or relating to the franchise agreement.

In May 2001, JHI terminated the franchise agreement after an audit during which JHI alleges it discovered that Madan had violated the agreement. Specifically, JHI alleges: (a) that when Madan entered into the initial franchise agreements in 1997, he did not disclose his interest in Speedy Tax Refund Loans ("Speedy Tax"), a Competing Tax Business; (b) that when Madan added two franchises to the existing agreement in 1999, he represented to JHI that he had sold Speedy Tax to Robert Fendrick and Vijay Slehria,

---

[1]The agreements define "Competing Tax Business" as "any business that offers tax return preparation, electronic filing, bank products or other services offered by Jackson Hewitt Tax Service Operating System."

but actually maintained an interest in Speedy Tax; and (c) that when the franchise agreement was renewed in 2000, Madan continued to assert that he had no interest in Speedy Tax, when he did, in fact, have such an interest.

Madan continued to operate the franchises, and JHI filed a complaint asserting that Madan (a) had breached the In-Term Covenant, which was the primary reason the agreement had been terminated, (b) was breaching the Post-Term Covenant, and (c) was violating the Lanham Act by using JHI's trade names and service marks without authorization. On October 9, 2001, the District Court granted Madan's motion to dismiss without prejudice, holding that, despite the choice-of-law provision, Georgia law would apply to the In-Term Covenant, and the In-Term Covenant was unenforceable under Georgia law because it did not include any geographic restrictions. The court permitted JHI to amend its complaint.

JHI amended its complaint so as to base its claims on Madan's violation of the franchise agreement by his material misrepresentations regarding his interest in a Competing Tax Business, his breaching of the Post-Term Covenant, and his continuing violation of the Lanham Act. Madan filed a counterclaim for a declaratory judgment that he did not breach the franchise agreement, claimed breach of contract against JHI, and sought to dismiss the complaint on the ground that the In-Term Covenant was unenforceable under Georgia law. Both parties filed applications for preliminary injunctions.

4

On November 17, 2001, the District Court denied Madan's application for a preliminary injunction, and granted the injunction sought by JHI, finding that it had established a substantial likelihood of success on the merits based on the misrepresentations made by Madan. The injunction barred Madan from, *inter alia*, using the JHI trade names and service marks, and engaging in any Competing Tax Business within 10 miles of his former franchise territories.

Madan appeals the entry of the injunction, contending that there was insufficient evidence of the alleged misrepresentations and that the District Court erred in enforcing the Post-Term Covenant because it is controlled by Georgia law. JHI cross-appeals, arguing that the District Court erred in its dismissal of the In-Term Covenant claim based on Georgia law.

We have jurisdiction of Madan's appeal under 28 U.S.C. § 1292(a)(1) insofar as it challenges the District Court's entry of the preliminary injunction on November 17, 2001. However, because the dismissal of the In-Term Covenant claim by entry of the order of October 9, 2001 was a non-final order, and it is not inextricably intertwined with the appealable order, we do not have jurisdiction to rule on this aspect of the case, and thus JHI's cross-appeal will be dismissed. See E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediaries, S.A.S., 269 F.3d 187, 203 (3d Cir. 2001).[2]

---

[2]Further, in light of JHI's amendment of its Complaint, we inquired at oral argument whether any aspect of the original Complaint even survived for our review.

5

We review a decision to grant or deny a preliminary injunction for abuse of discretion. See Dam Things from Denmark v. Russ Berrie & Co., 290 F.3d 548, 556 (3d Cir. 2002). The factual findings underlying the decision are reviewed for clear error, and the findings of law are reviewed *de novo*. Id.

The established four-prong test in order to determine whether to grant a preliminary injunction is: (1) whether the moving party has shown a reasonable probability of success on the merits; (2) whether the moving party would be irreparably injured by a denial of the preliminary relief requested; (3) whether granting the preliminary relief would result in even greater harm to the non-moving party; and (4) whether granting the preliminary relief was in the public interest. Dam Things, 290 F.3d at 556. After considering documentary evidence submitted by JHI and the testimony of witnesses, the District Court concluded that the evidence demonstrated that Madan had not divested himself of his interest in Speedy Tax before entering the 2000 franchise agreements, and that Speedy Tax had prepared individual tax returns after Madan had entered the agreements. Accordingly, the District Court determined that JHI had demonstrated a likelihood of success on the misrepresentation claim. Moving on to the other factors, the court found that the harm that JHI would suffer by having its clientele continue to be diverted by its supposed franchisee outweighed any harm that would come to Madan from granting JHI's application. Furthermore, the court found that granting JHI's application would be in the public interest, as it would help the public determine

6

who was preparing tax returns for it.

Based upon our review, we cannot say that the District Court clearly erred in its findings regarding the misrepresentation claim. There is ample evidence in the record to support the finding that Madan maintained an interest in Speedy Tax, an organization that fits the franchise agreements' definition of a Competing Tax Business, when he entered into the agreement, thus committing a material misrepresentation. We also cannot find fault with the District Court's conclusions regarding the balancing of the harms and the public interest. As a result, we will affirm the entry of the injunction.

Madan also urges that in its November order the District Court improperly enforced the Post-Termination Covenant since, having found that the In-Term Covenant was controlled by Georgia law and unenforceable, it should have found the Post-Term Covenant's "non-compete" clause similarly problematic. The District Court apparently had little difficulty enforcing the "non-compete" clause. It did not allude to the "conflict" issue, and this was clearly not the focal point of the injunction hearing. But we are content with the District Court's enforcement of this provision, as these types of clauses, limited in time and scope, are routinely accepted, and Madan has failed to convince us that any "conflict" of laws exists that would require us to hold otherwise.

Accordingly, we will affirm.

---

TO THE CLERK OF COURT:

Please file the foregoing opinion.

/s/Marjorie O. Rendell
Circuit Judge

Dated: November 24, 2003